IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

HARMON WILLIAMS                                                                                    PLAINTIFF

v.                                         Civil No. 4:20-cv-04079

DETECTIVE REYN BROWN, et al.                                                            DEFENDANTS

### ORDER

This is a civil rights action filed by Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. This case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

### I. BACKGROUND

Plaintiff filed his Complaint on September 15, 2020. (ECF No. 1). Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* ("IFP") (ECF No. 2) was granted by the Court. (ECF No. 3). An Amended Complaint was filed on October 5, 2020. (ECF No. 9).

Plaintiff's Amended Complaint states two claims. (ECF No. 9). In Plaintiff's first claim, he names as Defendants Terry Crabtree, Daniel Hampton, Reyn Brown, Daniel Oller, and Stephen Eulick.[1] The allegations in Plaintiff's first claim concerns an incident which occurred on October 15, 2019. Plaintiff states that his work supervisors, Separate Defendants Terry Crabtree and Daniel Hampton, contacted his parole officer, Separate Defendant Stephen Eulick, and that he was

---

[1] Separate Defendant Oller is a police officer with the Hope Police Department and Separate Defendant Reyn Brown is a Detective with the Hope Police Department. While not specifically stated, Defendant indicates that both of these Defendants were at the scene of the incident on October 15, 2019.

unlawfully detained and eventually arrested for possession of meth "off false accusations," a "false investigation," and with "no probable cause." (ECF No. 9 at 6).

In his second claim, Plaintiff names Sgt. Casey Singleton, Sergeant of Patrol at the Hope Police Department, and Detective Daniel Lauterbach, Detective of the Hope Police Department, as Defendants. (ECF No. 9). Plaintiff argues that on July 1, 2020, he was "picked up" by the above-mentioned officers who claimed that Plaintiff had evaded parole. (ECF No. 9 at 9-10). Plaintiff further states that he is currently serving a six-month sentence for parole violation. (ECF No. 9 at 12). Plaintiff indicates that he was deprived of due process and equal protection when his parole was revoked without due process of law. (ECF No. 9 at 12).

Plaintiff seeks compensatory and punitive damages with respect to both claims. (ECF No. 9 at 14).

## II. APPLICABLE LAW

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, a *pro se*

Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8 Cir. 1985).

## III. DISCUSSION

### A. First Claim - Separate Defendants Terry Crabtree and Daniel Hampton

Plaintiff seeks to state a claim against Separate Defendants Terry Crabtree and Daniel Hampton, who are both private citizens and were allegedly Plaintiff's supervisors at his place of employment, Tyson Feed Mill. Neither Crabtree nor Hampton are subject to suit under § 1983. A § 1983 complaint must allege that the defendant, acting under color of state law, deprived plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983; *see also DuBose v. Kelly,* 187 F.3d 999, 1002 (8th Cir.1999). Crabtree and Hampton are not state actors. Accordingly, Plaintiff's Amended Complaint should be dismissed with respect to all claims against Separate Defendants Terry Crabtree and Daniel Hampton.

### B. First Claim – Separate Defendants Reyn Brown, Daniel Oller, and Stephen Eulick

As mentioned earlier, Plaintiff's first claim concerns an October 15, 2019 incident that led to criminal charges for possession of methamphetamine. A criminal case for possession of a controlled substance is currently pending against Plaintiff in Hempstead County, Arkansas. *State of Arkansas v. Harmon Williams*, Case No. 29CR-19-355. The Court will take judicial notice of the proceedings in the Circuit Court of Hempstead County, Arkansas. Fed. Evid. R. 201.

Plaintiff's claim of false arrest, as set forth in his first claim, challenges the validity of the pending state criminal proceedings against him and is barred under the abstention doctrine articulated in *Younger v. Harris*, 401 U.S. 37, 59 (1971). The *Younger* doctrine "directs federal courts to abstain from accepting jurisdiction in cases where granting [equitable relief] would interfere with pending state proceedings" involving important state interests. *Night Clubs, Inc. v. City of Fort Smith, Ark.*, 163 F.3d 475, 477 n.1 (8th Cir. 1998). The *Younger* abstention doctrine

reflects the public policy that disfavors federal court interference with state judicial proceedings and is based on the principles of comity and federalism. *See Ronwin v. Dunham*, 818 F.2d 675, 677 (8th Cir. 1987).

Three factors must be determined affirmatively to result in abstention under *Younger*: (1) there must be an ongoing state judicial proceeding which (2) implicates important state interests, and (3) that proceeding must afford an adequate opportunity to raise the federal questions presented. *Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir. 1996). If all three factors are met, the federal court must abstain unless it detects "bad faith, harassment, or some extraordinary circumstance that would make abstention inappropriate." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982). This bad faith exception "must be construed narrowly and only invoked in extraordinary circumstances." *Aaron v. Target Corp.*, 357 F.3d 768, 778-79 (8th Cir. 2004) (internal quotation marks omitted).

The Court finds that the *Younger* abstention doctrine applies to this case because Plaintiff's claim involves an ongoing state judicial criminal proceeding against himself, the state clearly has an important interest in enforcing its criminal laws, and Plaintiff has given no indication that he cannot raise his constitutional claims during the state criminal proceedings. *Conley v. Hiland*, No. 4:15-cv0359-SWW, 2015 WL 4096152, at *1 (E.D. Ark. July 7, 2015). Further, Plaintiff does not allege bad faith or any other extraordinary circumstance that would make abstention inappropriate. Thus, *Younger* bars Plaintiff's claims.

In general, the *Younger* doctrine "directs federal courts to abstain from granting *injunctive* or *declaratory relief* that would interfere with pending judicial proceedings." *Night Clubs, Inc.*, 163 F.3d at 481 (emphasis in original). However, in cases where damages are sought in the federal suit, "traditional abstention principles generally require a stay as the appropriate mode of

abstention." *Id*. This is true "[a]s long as there may be issues which will need to be determined in federal court." *Yamaha Motor Corp., U.S.A. v. Stroud*, 179 F.3d 598, 604 (8th Cir. 1999).

Plaintiff seeks only monetary damages in this action, so the traditional abstention practices favor a stay of this case rather than outright dismissal, and no exceptions[2] apply requiring dismissal. *See Night Clubs, Inc.*, 163 F.3d at 481. Accordingly, the Court will stay and administratively terminate this claim against Separate Defendants Reyn Brown, Daniel Oller, and Stephen Eulick until the final disposition of Plaintiff's pending state criminal charges in Hempstead County Circuit Court, case number 29CR-19-355.

### C. Second Claim

Under *Heck v. Humphrey*, Plaintiff's second claim is barred. *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff argues that on July 1, 2020, he was "picked up" by Sgt. Casey Singleton and Detective Daniel Lauterbach who claimed that he had evaded parole since he was released from jail over the October 15, 2019 arrest. (ECF No. 9 at 9-10). Plaintiff further states that he is currently serving a six-month sentence for parole violation. (ECF No. 9 at 12). Plaintiff indicates that his constitutional rights were violated when his parole was revoked without due process of law. (ECF No. 9 at 12). As stated earlier, Plaintiff seeks damages for the alleged constitutional violation.

As established by the United States Supreme Court, a claim for damages for an "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87.

---

[2] The *Younger* exceptions are as follows: (1) the state court proceeding was brought in bad faith or with the purpose of harassing the federal plaintiff; (2) the state statute is "flagrantly and patently violative of expressive constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it; or (3) application of the doctrine was waived. *Younger*, 401 U.S. at 49.

Here, Plaintiff states that he is serving a six-month sentence for a parole violation. There is no indication that Plaintiff's parole violation has been overturned. Thus, Plaintiffs claim is barred. *See e.g., Newmy v. Johnson*, 758 F.3d 1008 (8th Cir. 2014). Accordingly, this claim against Separate Defendants Sgt. Casey Singleton and Detective Daniel Lauterbach should be dismissed.

### IV. CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff's first claim against Separate Defendants Terry Crabtree and Daniel Hampton should be, and hereby is, **DISMISSED WITHOUT PREJUDICE**.

Plaintiff's first claim, as stated against Separate Defendants Reyn Brown, Daniel Oller, and Stephen Eulick, involving the incident on October 15, 2019, should be and hereby is **STAYED and ADMINISTRATIVELY TERMINATED.** Once Hempstead County Circuit Court case number 29-CR-19-355 has concluded, Plaintiff may file a motion to reopen this claim, along with a copy of the final disposition of the charges in case number 29-CR-19-355.

Finally, Plaintiff's second claim, as stated against Sgt. Casey Singleton and Detective Daniel Lauterbach involving his parole revocation following an incident on July 1, 2020, should be and hereby is **DISMISSED WITHOUT PREJUDICE**. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP Action, or any portion thereof, may be dismissed because it fails to state a claim or states a claim that is not presently cognizable).

**IT IS SO ORDERED**, this 4th day of January 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge