**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION**

**HARMON WILLIAMS ADC# 101370**                                                          **PLAINTIFF**

**v.**                          **CASE NO. 4:20-CV-4079-SOH-BAB**

**DETECTIVE REYN BROWN, DANIEL
OLLER, AND STEPHEN GULICK**                                                   **DEFENDANTS**

**SEPRATE DEFENDANT STEPHEN GULICK'S
MOTION TO DISMISS THE AMENDED COMPLAINT**

Defendant Stephen Gulick by and through his attorneys, Attorney General

Leslie Rutledge and Senior Assistant Attorney General Kate Donoven, and for his

Motion to Dismiss the Amended Complaint, states as follows:

1.   Plaintiff's Amended Complaint[1] should be dismissed for failure to state a

   claim upon which relief may be granted because it is barred by *Heck v.*

   *Humphrey*, 512 U.S. 477, 486-87 (1994); *Newmy v. Johnson*, F.3d 1008 (8th

   Cir. 2014)(extending *Heck* to parolees).

2.   No 42 U.S. C. § 1983 claim lies against Separate Defendant Gulick because

   parolee Williams did not enjoy freedom from the suspicionless search that is

   the basis of his claim.  *E.g. Samson v. California*, 547 U.S. 843, 849-51 (2006);

   Fed. R. Civ. P. 12(b)(6).  See Exh. C.  It is axiomatic that a § 1983 claim

---

[1] It appears that pages 6, 7, & 8 of the Amended Complaint are out of order and should be 8, 6 then 7. [DE 9]

requires that a Plaintiff show a violation of his constitutionally protected right.

3.    Plaintiff's claim against Separate Defendant Gulick, Williams' parole agent, should be dismissed because Gulick is protected by absolute and qualified immunity.  *Figg v. Russell*, 433 F.3d 593 (8th Cir. 2006).

4.    Plaintiff is currently incarcerated in the Arkansas Department of Correction's Grimes Unit.

5.    Plaintiff, who was on parole for a 1995 conviction, filed his Amended Complaint October 5, 2020, after he was arrested for new charges and violation of the terms and conditions of his parole but before the new charges and parole revocation were adjudicated.

6.    The Court screened Williams' Amended Complaint allowing the first claim alleging violation of 42 U.S.C. § 1983 by Defendant Gulick on October 15, 2019 to proceed.

7.    Plaintiff's case was stayed pending the outcome of his new criminal charges and the revocation of his parole pursuant to the *Younger* abstention doctrine. [DE 16]

8.    The stay was lifted when Plaintiff submitted the sentencing order showing that the October 15, 2019 drug charge had been *nolle prossed*.  [DE 16].

2

9.  Conveniently, Plaintiff did not submit the Arkansas Parole Board's decision showing that Williams admitted at his parole revocation hearing that methamphetamine was found in his pocket on October 15, 2019 and the revocation decision found multiple parole violations were supported by a preponderance of the evidence.  See Ex. C, p. 3 ¶5.

10. Defendant Gulick is a parole officer with the Arkansas Division of Community Correction and is sued in his official and individual capacities.

11. Plaintiff states that Parole Agent Gulick sent Detectives Brown and Oller to his jobsite at Tyson to "harass" him and that there was no legal basis for the arrest on October 15, 2019, on new drug possession charges that, among other violations, eventually led to the revocation of his parole.  [DE 9] Williams' alleges that Defendant Gulick is subject to liability under § 1983 because his suspicionless ("without any just reason") search and arrest by the detectives violated his rights under the Fifth, Eighth, and Fourteenth Amendments.  [DE 9, p. 6]

12. Plaintiff requests relief in the form of money damages for "mental anguish", "pain and suffering", and lost wages as a result of his arrest.

13. Plaintiff was on parole after a 1995 conviction resulting in a 20 year sentence to the Arkansas Department of Correction.  *State v. Harmon Williams,* No. CR 1995-233, Hempstead County Cir. Ct.  He picked up new charges for possession of Schedule II drugs on October 15, 2019 in *State v. Harmon*

3

*Williams*, 29CR 19-355, Hempstead County Cir. Ct. which were *nolle prossed* on May 21, 2021, and domestic violence charges on February 27, 2020, in *State v. Harmon*, 29CR 20-158, Hempstead County Cir. Ct., May 3, 2021 (negotiated guilty pleas entered to aggravated assault on family member and third degree domestic battery entered on May 3, 2021).  Exh. A & B.

14.   Plaintiff's claim should be dismissed because the Arkansas Parole Board adjudicated multiple violations of Williams' parole on July 13, 2020 including the drug possession parole violation charge on October 15, 2019.  A judgment in Plaintiff's favor against Separate Defendant Gulick on this § 1983 damages suit would necessarily be a collateral attack on Williams' parole revocation.  To prevail in a § 1983 action the plaintiff must prove that the underlying conviction or sentence has been reversed.   Here, although Williams' new drug charges were dismissed, the revocation of his parole stands.  *See In Re Harmon Williams*, Exh. C.  Nothing in the pleadings indicates that Williams' parole revocation on July 13, 2020, has been found invalid or been called into question by the issuance of a federal habeas corpus writ.  Moreover, a prosecutor's decision to *nolle prosse* of a charge does not mean that there was no legal basis for an arrest.

15.   Plaintiff appears to allege that the suspicionless search that led to his arrest and was among the many parole violations that eventually led to the revocation of his parole and current incarceration violated his constitutional rights.  The burden of proof for revocation of parole is by a preponderance of

the evidence rather than beyond a reasonable doubt.  Thus, evidence that is insufficient to support a criminal conviction may be sufficient to support revocation.  *E.g. Lemons v. State*, 310 Ark. 381, 836 SW. 2d 861 (1992).

16.    Under *Heck v. Humphrey*, Plaintiff's claim against Gulick is not cognizable in a § 1983 action.  512 U.S. 477, 486-87 (1994).  The holding in *Heck* has been applied to claims that would imply the invalidity of a parole revocation. *Newmy v. Johnson*, F.3d 1008 (8th Cir. 2014); *Dillard v. City of Paragould, No. 3:20-cv-403-KGB (E.D. Ark.) Slip Copy 2021 WL 3116509.*

17.    The Court may take notice of the sentencing documents and parole revocation listed as exhibits because they are public records.  *E.g. Papasan v. Allain*, 478 U.S. 265, 269 n.1 (1986); *Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003). Exh. A - C.

18.    Plaintiff's complaint should count as a strike under 28 U.S.C. § 1915(g) because he fails to state a claim upon which relief may be granted when warrantless searches are part of the terms and conditions of parole and Williams admitted at his parole revocation hearing that when he was searched on October 15, 2019, methamphetamine was found in his pocket.  28 U.S.C. § 1915(e)(2)(B)(I-ii).

WHEREFORE, Separate Defendant Gulick respectfully requests this court grant his motion to dismiss and for all other just and proper relief to which he may be entitled.

Respectfully submitted,

LESLIE RUTLEDGE
Attorney General

By:    /s/ *Kate Donoven*
        Kate Donoven
        Ark Bar No. 98189
        Senior Assistant Attorney General
        Arkansas Attorney General's Office
        323 Center Street, Suite 200
        Little Rock, AR 72201
        PH: (501) 682-8114
        Fax: (501) 682-2591
        Email: kate.donoven@arkansasag.gov

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I Kate Donoven, hereby certify that on October 29, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to the following:

I Kate Donoven, hereby certify that on October 29, 2021, I mailed the foregoing document by U.S. Postal Service to the following non-CM/ECF participant:

Harmon Williams, ADC # 101370
Grimes Unit
300 Corrections Drive
Newport, AR 72112

        /s/ *Kate Donoven*
        Kate Donoven

6