

**ARKANSAS PAROLE BOARD**
Two Union National Plaza Building
105 West Capitol; 5th Floor
Main Number (501) 682-3850
Revocation Fax: (501) 682-3860

**IN RE:** Harmon I. Williams          **ADC #**101370D

On July 13, 2020, a parole revocation hearing was held in Hope, Arkansas, to determine whether there was sufficient evidence for a finding that the above-named parolee violated one or more of the conditions of his/her release and, if so, whether his/her release should be revoked. The Conditions of his/her release were given and explained to the parolee at the time of his/her release and he/she agreed to abide by them.

## OATH
All persons were administered an oath at the beginning of the hearing. The parolee was advised that he was not required to make a statement at the hearing and that anything he said under oath could be used against him in this hearing as well as in court on his pending criminal charges. The parolee advised that he understood the warning.

## NOTICE
The parolee was given notice of the conditions(s) of parole allegedly violated and the date, time, and location of the hearing on July 2, and July 9, 2020.

## WITNESSES FOR PAROLEE (if applicable):

The State was represented by Area Parole Officer/Agent Stephen Gulick.

**WITNESS FOR STATE (if applicable):** Sergeant Casey Singleton and Detective Todd Lauterbach of the Hope Police Department

## ALLEGATIONS
The alleged violation(s) considered was/were (check all that apply):
- ☐ 1 – Reports
- ☐ 2 – Employment/Education
- ☒ 3 – Residence/Travel  Since on or about October 10, 2019, Williams has failed to reside at his approved residence of 2504 N. Hazel Street Hope, Arkansas (Relax Inn Motel, Room 220), and changed his residence without his parole officer's permission. Williams' whereabouts are unknown.
- ☒ 4 – Laws  On or about February 27, 2020, Williams committed the offenses of Aggravated Assault on a Family Member (a Class D felony), Domestic Battery, Third Degree (a Class D felony), Interference with Emergency Communications, First Degree (a Class A misdemeanor) in Hempstead County, Arkansas.
On or about October 15, 2019, Williams committed the offense of Possession of a Controlled Substance (methamphetamine) in Hempstead County, Arkansas.
- ☐ 5 – Weapons
- ☒ 6 – Alcohol/Controlled Substances On October 15, 2019, Williams admitted he had possessed and used a controlled substance (methamphetamine) while on parole in Hempstead County, Arkansas. (amended)
- ☐ 7 – Association
- ☒ 8 – Supervision Fees  As of December 6, 2019, Williams is $124.00 in arrears on his monthly supervision fee payments.
- ☐ 9 – Cooperation
- ☐ 10 – Search/Seizure
- ☐ 11 – Waiver of Extradition
- ☐ 12 – Special Conditions

**EVIDENCE**
The evidence relied upon consisted of documents and the testimony of participants.

**PLEA:**
The parolee entered the following plea(s):

| 3 - Residence/Travel | 4 - Laws | 6 - Alcohol/Controlled Substances | 8 - Supervision Fees |
|---|---|---|---|
| Not Guilty | Not Guilty | Not Guilty | Guilty |

**SUMMARY**
Sergeant Singleton testified that he and Officer Velazquez had been dispatched to a domestic disturbance call on February 27, 2020. According to Sergeant Singleton, Sara Smalley reported that she had been on the phone with a friend when Williams (her boyfriend) had become upset with her. Ms. Smalley advised that Williams had taken away her phone and had refused to give it back before throwing the phone and breaking it. Sergeant Singleton stated Ms. Smalley informed them that Williams had then placed his right hand around her throat and his left hand over her mouth/nose area so she could not breathe. Sergeant Singleton noted that Ms. Smalley (who was pregnant) did have bruising on her cheek, neck and next to her jawline. Sergeant Singleton further noted it was clear from the inside of the residence that some physical disturbance had occurred.

Sergeant Singleton stated that Williams could not be located on the night in question. Sergeant Singleton testified that Ms. Smalley had asked to go to a local shelter because she was afraid of Williams returning.

Detective Lauterbach stated that he had ben assigned the case and that he had spoken with Ms. Smalley about the incident. Detective Lauterbach testified Ms. Smalley confirmed that she was pregnant with Williams' baby when Williams had attacked her, and that Williams was aware of the pregnancy because he was with her when the pregnancy test was conducted.

Detective Lauterbach stated Ms. Smalley advised that she had taken a swing at Williams in an effort to protect herself and that a window had broken. Detective Lauterbach testified it was the glass breaking and Ms. Smalley's cries for help that had prompted a neighbor to call the police.

Williams denied that he had committed the criminal offenses. Williams stated that he knew nothing about any alleged incident until he was arrested and that he had also not known about Ms. Smalley's pregnancy. Williams testified that he had not been engaging in a relationship with Ms. Smalley at that time because she

was involved with another man. Singleton noted that he had not even been staying at the residence in question when this incident had reportedly occurred.

Officer Gulick testified that Williams had also experienced problems with residential plans. Officer Gulick stated that Williams had been approved to reside at a local motel in or around October 2019. Officer Gulick testified he had later discovered that Williams had only stayed a couple of days at the motel and then Williams had changed his place of residence without permission.

Officer Gulick stated he had received an anonymous call on October 15, 2019, advising that Williams was using drugs despite working with heavy equipment at his place of employment and that Williams was also selling drugs. Officer Gulick testified that Williams was contacted at the feed mill where Williams was working at the time. A parole search was conducted, and Williams was in possession of 2-3 grams of methamphetamine on his person. Officer Gulick noted Williams admitted that he had possessed and used methamphetamine and also admitted that he was homeless.

The issuance of a warrant was deferred at that time. Officer Gulick testified that he had subsequently attempted to locate Williams and had gone to Williams' last reported residence (the motel) in an effort to find Williams. Officer Gulick stated he was advised that Williams had not been at the motel for at least two months. Officer Gulick noted that he had no contact with Williams until after Williams' recent arrest.

Williams commented that he had moved back into the residence where he had previously stayed with Ms. Smalley after she had moved out. Williams noted it was that location where he had recently been arrested.

Williams argued that his supervising officer had been trying to knock him down. Williams stated he had told Officer Gulick in November 2019 that he was having residential problems because he had lost his job after being in jail for the drug charge. Williams, who admitted at the hearing that methamphetamine had been found in his pocket in October 2019, testified that his parole officer had refused to help him. Williams noted that he had filed a grievance in November or December 2019.

Williams claimed that he had spoken with his parole officer in court in February 2020 about his residential problem. In rebuttal, Officer Gulick denied seeing Williams in court in February 2020. It was noted that Williams had an active absconder warrant issued on December 23, 2019.

Williams stated that he had wanted his parole officer to help him get a bed space at the shelter where he had stayed on two previous occasions. Williams testified that other parolees were staying there. Williams noted the shelter officials had claimed he had been there too many times and the shelter was too crowded to accept him. Williams stated that his parole officer should have intervened on his behalf.

In rebuttal, Officer Gulick testified that the decision not to allow Williams to return to the shelter was made by the director of the shelter. Officer Gulick stated the director had made the decision not to allow people to return to the shelter who had been arrested for committing new offenses (which was the situation in Williams' case). Officer Gulick noted that it is currently a moot point because the shelter has since closed down and no one is staying there.

**FINDINGS & ORDERS:**

☐ It is found by a preponderance of the evidence that the parolee **has not** violated any condition(s) of release and is ordered to continue on supervision:

☒ It is found by a preponderance of the evidence that the parolee **has** violated the following condition(s):

3 - Residence/Travel         4 - Laws              6 - Alcohol/Controlled        8 - Supervision Fees

Substances

Due to the victim being pregnant when she was attacked, the attack occurring after Williams had been granted a warrant deferral on a previous felony drug offense, being on absconder status when Williams committed his second set of felony offenses, Williams' status as a fourth termer with ten incarcerations and his unwillingness to accept responsibility for his actions (blaming his homelessness on the fault of his parole officer for not making the shelter officials reconsider their denial of his placement in the shelter),

☒ the parole granted to the above-named parolee is hereby *revoked* based on the findings and parolee is ordered to be placed in the custody of the:

☒ Arkansas Department of Correction. It was recommended that Williams complete an anger management counseling program and a substance abuse counseling program prior to any future release.

☐ Arkansas Department of Community Correction.

The parolee will be scheduled to appear before the Arkansas Parole Board during the month of January 2021 for parole consideration.

☐ The time period specified above is suspended upon the condition that parolee enters and completes the *Technical Violators Program*, subject to eligibility and adherence to the program rules. Parolee must attend aftercare counseling as directed. All Board imposed conditions will remain in effect.

If the above-named parolee is revoked to, and subsequently determined to be ineligible for, the Arkansas Department of Community Correction, he/she will be transferred to the Arkansas Department of Correction.

☐ Arkansas Department of Correction -- Suspended (If eligible and subject to good behavior and an approved parole plan. (Reinstatement option at 90 days.)

☐ The final disposition is *deferred* pending the outcome of the new charge(s) and/or any new violation(s). All Board imposed conditions will remain in effect.

☐ The parole granted to the above-named parolee is *not revoked* and subject is continued on supervision. All Board imposed conditions will remain in effect.

The parolee was advised of his/her right to appeal.

_Carol V. Bohannan_   July 17, 2020
Revocation Hearing Judge   Date

cc: Parolee
    State File
    Parole Officer/Agent
    (for Harmon I. Williams' parole revocation hearing)