IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

**HARMON WILLIAMS ADC# 101370**                                 **PLAINTIFF**

v.            **CASE NO. 4:20-CV-4079-SOH-BAB**

**DETECTIVE REYN BROWN, OFFICER
DANIEL OLLER, AND STEPHEN GULICK**            **DEFENDANTS**

**BRIEF IN SUPPORT OF
SEPARATE DEFENDANT STEPHEN GULICK'S
MOTION TO DISMISS THE AMENDED COMPLAINT**

Defendant Stephen Gulick by and through his attorneys, Attorney General Leslie Rutledge and Senior Assistant Attorney General Kate Donoven, and for his Brief in Support of Separate Defendant Gulick's Motion to Dismiss the Amended Complaint, states as follows:

### I. INTRODUCTION

Plaintiff was on parole at the time of the October 15, 2019, suspicionless search that forms the basis for his remaining claim against his former parole agent, separate defendant Stephen Gulick. Plaintiff's Amended Complaint should be dismissed for failure to state a 42 U.S.C. § 1983 claim upon which relief may be granted because Plaintiff did not enjoy a constitutionally protected right to be free of a suspicionless search while on parole. It is axiomatic that no § 1983 claim arises in the absence of a constitutionally protected right existing at the time of the events giving rise to the action.

## II. FACTS

Plaintiff, who is currently incarcerated in the Arkansas Department of Correction's Grimes Unit, filed his Amended Complaint on October 5, 2020, after he was arrested for new charges and violation of the terms and conditions of his parole but before the new charges and parole revocation were adjudicated. The Court screened Williams' Amended Complaint allowing the first claim alleging violation of 42 U.S.C. § 1983 by Defendant Gulick on October 15, 2019, to proceed. Plaintiff's case was stayed pending the outcome of his new criminal charges and the revocation of his parole pursuant to the *Younger* abstention doctrine. [DE 16] The stay was lifted when Plaintiff submitted the sentencing order showing that the October 15, 2019 drug charge had been *nolle prossed*. [DE 16]. While Plaintiff submitted a file-marked copy of the Sentencing Order in *State v. Harmon Williams,* 29CR-19-355, showing that his arrest had been *nolle prossed*, he failed to include the Arkansas Parole Board's decision in which recites Plaintiff's admission that methamphetamine was found in his pocket during the warrantless search on October 15, 2019, as one of the multiple grounds proved by a preponderance of the evidence including other new criminal charges to which he entered a negotiated guilty plea. See Exh. A, C p. 3 ¶. Plaintiff states that Parole Agent Gulick sent Detectives Brown and Oller to his jobsite at Tyson to "harass" him and that there was no legal basis for the arrest on October 15, 2019, on new drug possession charges that, among other violations, eventually led to the revocation of his parole. [DE 9] Williams' alleges that Defendant Gulick is subject to liability under § 1983

because his suspicionless ("without any just reason") search and arrest by the detectives violated his rights under the Fifth, Eighth, and Fourteenth Amendments. [DE 9, p. 6] Plaintiff requests relief in the form of money damages for "mental anguish", "pain and suffering", and lost wages as a result of his arrest.

### III. STANDARD OF REVIEW

Under the Prison Litigation Reform Act, 28 U.S.C. 1915A(b), the Court must dismiss complaints and claims that fail to state a claim or seek money damages from a defendant who is immune from such relief. An appellate court reviews the district court's ruling on a motion to dismiss *de novo*. *E.g.*, *Grey v. Wilson*, 270 F.3d 607, 608 (2001).

### IV. ARGUMENT

In *Heck,* the U.S. Supreme Court held that "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing a relationship to a conviction or sentence that has not been so invalidated is not cognizable under a§ 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be

dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372-73, 129 L. Ed. 2d 383 (1994).

Williams' remaining claim revolves around and arises out of the October 15, 2019 arrest. Even though the prosecutor *nolle prossed* the drug possession charge, it does not invalidate the Parole Board's action in revoking his parole on the same grounds as well as the additional grounds set out in the decision. Even though Plaintiff's action, if successful, will not demonstrate the invalidity of the Board's judgment, Plaintiff's claim should be dismissed because he did not enjoy a constitutionally protected right to be free of the suspicionless search while on parole that forms the basis of his complaint.

It is well-settled law that parolees remain in the legal custody of the Arkansas Department of Correction even when they are physically outside a prison subject to terms and conditions of parole, including warrantless searches. *E.g. Samson v. California*, 547 U.S. 843, 849-51 (2006). The suspicionless search of a parolee by a police officer does not violate the Fourth or Fourteenth Amendment so long as they comply with due process. *Id.* at 852-53. Plaintiff's § 1983 claim fails because he had no constitutionally protected right to be free from the search on

October 15, 2019. Without a constitutionally protected right, Plaintiff has no basis for a claim.

Finally, in addition to absolute immunity for their prosecutorial functions, parole officers are entitled to qualified immunity under § 1983 unless they violate a federal statutory or constitutional right and the unlawfulness of their conduct was clearly established at the time. *Lane v. Nading*, 927 F.3d 1018, 1023-1025 (2019). Given that the U.S. Supreme Court has decided that a suspicionless search of a parolee does not violate the Fourth or Fourteenth Amendment according, even if Plaintiff's claim survives a *Heck* analysis, Separate Defendant Gulick is entitled to qualified immunity barring Plaintiff's lawsuit for damages. Defendant Gulick is his parole officer, which makes him immune from suit. "[T]he extent of immunity accorded an official depends solely on the official's function." *Figg v. Russell*, 433 F.3d 593 (8th Cir. 2006) (citing *Nelson v. Balazic*, 802 F.2d 1077, 1078 (8th Cir. 1986)). The Eighth Circuit has found parole officers to be entitled to either absolute or qualified immunity depending on the function at issue. *Id.* at 1078-79 (finding parole officer entitled only to qualified immunity because the officer's decision not to take a parolee into custody was not a quasi-judicial function or prosecutorial decision and that the decision was akin to the function of a police officer); *Anton v. Getty*, 78 F.3d 393 (8th Cir. 1996) (finding parole officers entitled to absolute immunity where they made recommendations to a parole board that parole be delayed, similar to the quasi-judicial function performed by parole officers preparing presentence reports). Based on Plaintiff's allegation, the

Court should find that Defendant Gulick is entitled to either absolute immunity or qualified immunity. Accordingly, Plaintiff's claim should be dismissed.

Finally, Plaintiff's complaint should count as a strike under 28 U.S.C. § 1915(g) because he fails to state a claim upon which relief may be granted when warrantless searches are part of the terms and conditions of parole and Williams admitted at his parole revocation hearing that when he was searched on October 15, 2019, methamphetamine was found in his pocket. 28 U.S.C. § 1915(e)(2)(B)(I-ii).

## V. CONCLUSION

WHEREFORE, Separate Defendant Gulick respectfully requests this court grant his motion to dismiss and for all other just and proper relief to which he may be entitled.

Respectfully submitted,

LESLIE RUTLEDGE
Attorney General

By: /s/ Kate Donoven
Kate Donoven
Ark Bar No. 98189
Senior Assistant Attorney General
Arkansas Attorney General's Office
323 Center Street, Suite 200
Little Rock, AR 72201
PH: (501) 682-8114
Fax: (501) 682-2591
Email: kate.donoven@arkansasag.gov

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I Kate Donoven, hereby certify that on October 29, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to the following:

I Kate Donoven, hereby certify that on October 29, 2021, I mailed the foregoing document by U.S. Postal Service to the following non-CM/ECF participant:

Harmon Williams, ADC # 101370
Grimes Unit
300 Corrections Drive
Newport, AR 72112

*/s/ Kate Donoven*
Kate Donoven