## IN THE UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF ARKANSAS
### TEXARKANA DIVISION

**HARMON WILLIAMS ADC# 101370**                                    **PLAINTIFF**

**v.**                    **CASE NO. 4:20-CV-4079-SOH-BAB**

**DETECTIVE REYN BROWN, DANIEL**
**OLLER, AND STEPHEN GULICK**                                   **DEFENDANTS**

### SEPARATE DEFENDANT STEPHEN GULICK'S REPLY

Defendant Stephen Gulick by and through his attorneys, Attorney General Leslie Rutledge and Senior Assistant Attorney General Kate Donoven, and for his Reply to Plaintiff's Response to Separate Defendant Gulick's Motion to Dismiss, states as follows:

Plaintiff reiterates his complaint but misses the point that no 42 U.S. C. § 1983 claim lies against Separate Defendant Gulick. Plaintiff, who was on parole, did not enjoy a Fourth Amendment freedom from the search that is the basis of his claim because suspicionless searches were a term of his parole. *E.g. Samson v. California*, 547 U.S. 843, 849-51 (2006); Ark. Code Ann. § 16-93-106. It is axiomatic that a § 1983 claim requires that a Plaintiff show a violation of his constitutionally protected right. Parolees remain in legal custody of the state for the remainder of their sentence and must consent to warrantless searches of their person and possessions as a term of the parole by any certified law enforcement officer. Ark. Code Ann. § 16-93-106.

The United States Supreme Court has made it clear that conditions of release that eliminate a prisoner's reasonable expectation of privacy and authorize a suspicionless search by law enforcement do not violate the Fourth Amendment. In *Samson*, the Fourth Amendment was not violated when a law enforcement officer conducted a suspicionless search of parolee Samson that led to the discovery of a plastic baggie containing methamphetamine in a cigarette box in his left breast pocket. In this case, law enforcement officers had more information than in *Samson* because they received information that parolee Williams possessed illegal drugs at his place of employment. Based upon that information, even if Gulick authorized the search of parolee Williams, no constitutional violation could exist because Williams was subject to a warrantless search of his person. Arkansas law states that a person who is placed on parole is required to agree to warrantless searches by any law enforcement officer as a mandatory term of his parole. Ark. Code Ann. § 16-93-106. A warrantless search based on this waiver "does not need to be based on an articulable suspicion that the person is committing or has committed a criminal offense." Ark. Code Ann. § 16-93-106(a)(2). A person who fails to acknowledge and sign the waiver is ineligible for parole. § 16-93-106(b)(2). The Arkansas Supreme Court has concluded that *Samson* controls and affirmed warrantless searches of parolees. *Clingmon v. State*, 2021 Ark. App. 107, 7, 620 S.W.3d 184, 188 (2021). The district court recognized the application of *Clingmon* and *Samson* in *United States v. Rivera*, 2021 WL 1822297, at *5-6 (W.D. Ark. May 6, 2021) when it denied a motion to suppress evidence discovered in a warrantless search of a parolee.

Gulick offers no legal argument in his response as to why *Samson*, *Clingmon*, and *Rivera* are not dispositive of his claims. Finally, Gulick states no basis for his allegation that his Fifth, Eighth, and Fourteenth Amendment rights were violated.

WHEREFORE, Separate Defendant Gulick respectfully requests this court grant his motion to dismiss and for all other just and proper relief to which he may be entitled.

Respectfully submitted,

LESLIE RUTLEDGE
Attorney General

By:   /s/ *Kate Donoven*
Kate Donoven
Ark Bar No. 98189
Senior Assistant Attorney General
Arkansas Attorney General's Office
323 Center Street, Suite 200
Little Rock, AR 72201
PH: (501) 682-8114
Fax: (501) 682-2591
Email: kate.donoven@arkansasag.gov

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I Kate Donoven, hereby certify that on November 29, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to the following:

I Kate Donoven, hereby certify that on November 29, 2021, I mailed the foregoing document by U.S. Postal Service to the following non-CM/ECF participant:

Harmon Williams, ADC # 101370
Grimes Unit

300 Corrections Drive
Newport, AR 72112

/s/ Kate Donoven
Kate Donoven