IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

HARMON WILLIAMS                                                                                         PLAINTIFF

v.                                              Civil No. 4:20-cv-04079

DETECTIVE REYN BROWN, et al.                                                                  DEFENDANTS

### REPORT AND RECOMMENDATION

This is a civil rights action filed by Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff, Harmon Williams, proceeds in this matter *pro se* and *in forma pauperis*. (ECF Nos. 1, 2, 3). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Before the Court are two motions: Separate Defendant Stephen Gulick's Motion to Dismiss the Amended Complaint (ECF No. 29); and Separate Defendant Oller's Motion to Join Separate Defendant Gulick's Motion to Dismiss Pursuant to Fed. R. Civ. P. 10(c) (ECF No. 36). The Plaintiff has filed a response to both Motions. (ECF No. 34, 40). In addition, Separate Defendant Stephen Gulick filed a Reply to Plaintiff's Response to his Motion. (ECF No. 35). The Court finds this matter ripe for consideration.

### I.   BACKGROUND

Plaintiff filed his Complaint on September 15, 2020. (ECF No. 1). An Amended Complaint was filed on October 5, 2020. (ECF No. 9). Plaintiff's Amended Complaint states two claims. (ECF No. 9). On January 4, 2021, the Court entered a preservice screening Order pursuant to 28 U.S.C. § 1915A. (ECF No. 13).

As a result of the preservice screening, and for the reasons stated in the Court's Order (ECF No. 13), the Court dismissed Plaintiff's second claim; but found that Plaintiff's first claim, as stated against Defendants Reyn Brown, Daniel Oller and Stephen Gulick[1] should instead be stayed and administratively terminated. (ECF No. 13). The Court Ordered that once Hempstead County Circuit Court case number 29-CR-19-355 concluded, Plaintiff could file a motion to reopen this claim, along with a copy of the final disposition of the charges in case number 29-CR-19-355. (ECF No. 13 at 6).

Plaintiff filed a Motion to Reopen on August 13, 2021. (ECF No. 14). The Court granted Plaintiff's Motion on September 22, 2021, and directed that Defendants Brown, Oller, and Gulick be served with the Plaintiff's Amended Complaint. (ECF No. 16, 17). In the Amended Complaint, Plaintiff states that Defendants violated his constitutional rights on October 15, 2019. (ECF No. 9 at 5). Plaintiff states that he was called into the office at his job following a disagreement with a co-worker. His employers called his parole officer, Defendant Gulick. Plaintiff states Defendant Gulick asked Defendant Detective Brown and Officer Oller to

> come harass me on my job; which led Det. Reyn Brown and Officer Daniel Oller to violate my 4th, 5th, 8th, and 14th Amendments. 1) They first detain me off false accusations claiming they received a call stating I was selling drugs from the Feed Mill. 2) They arrest me off a false investigation, no probable cause was establish nor was there any proof to support their allegations. 3) They false imprison me with off of false reports and falsified documents. After to making it to the Hempstead County Jail, where we met up with my parole officer Stephen Eulick, who informed me that Det. Reyn Brown, claimed to have retrieved "meth" from me that I've never seen nor had. Stephen Eulick, never attain a "white warrant" from the state to hold me in jail. I later found out (6) days by another parolee who return from a parole hearing . . . that I had been deferral by the state and my parole officer Stephen Eulick, withheld the information causing me to lose my job at the Feed Mill after causing me to miss over (3) consecutive days over regulation abusing his public trust.

---

[1] On February 15, 2022, pursuant to Separate Defendant Stephen Gulick's Motion to Dismiss the Amended Complaint (ECF No. 29), the style of this matter was changed to correct the name Stephen Eulick to Stephen Gulick. Defendant Gulick will be referred to correctly, as Gulick, throughout. (ECF No. 41).

(ECF No. 9 at 5-8).[2]  Plaintiff states his claims against Defendants Gulick, Oller and Brown in both their personal and official capacities.  *Id*.

Defendants Stephen Gulick and Daniel Oller now move to dismiss Plaintiff's Amended Complaint.  (ECF No. 29, 36).  The Defendants argue that Plaintiff's claims are barred by *Heck v. Humphrey*, 512 F.3d 1008 (8th Cir. 2014); that Plaintiff has no constitutional claim under 42 U.S.C. § 1983; and that Defendant Gulick, as a parole officer, is protected by absolute and qualified immunity.  Plaintiff denies that Defendants are entitled to such relief.  (ECF No. 34, 40).

## II.  APPLICABLE LAW

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  *Braden v. Wal–Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft*, 556 U.S. at 678.  While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support his claims.  *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

## III.  DISCUSSION

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States.  In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that each defendant

---

[2] As mentioned in Separate Defendant Gulick's Motion, it appears that pages 6, 7, and 8 of the Amended Complaint are out of order and should be read 8, 6, then 7.  (ECF No. 9).

acted under color of state law and that he or she violated a right secured by the constitution. *West v. Atkins,* 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999). The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).

### A. *Heck v. Humphrey*

Defendants first argue that Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck v. Humphrey*, the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck,* 512 U.S. 477, 486-87. Under this body of law, Plaintiff may not employ the civil rights statutes as a substitute for *habeas corpus* relief. In other words, Plaintiff cannot seek relief pursuant to § 1983 which would undermine or potentially invalidate his criminal charges, convictions, and subsequent confinement. *See e.g., Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (*habeas corpus* is the sole federal remedy for prisoners attacking the validity of their conviction or confinement).

As set forth above, Plaintiff's remaining claims concerns an incident on October 15, 2019, which resulted in Plaintiff's arrest for possession of drugs. (ECF No. 9 at 5). Plaintiff, in his Motion to Reopen, points the Court to a Sentencing Order reflecting that the drug possession charge stemming from the October 15, 2019, arrest was eventually *nolle prossed*. (ECF No. 14 at 2). Defendants argue that, although the drug possession charge was *nolle prossed*, following a

4

July 13, 2020 hearing, the Parole Board revoked Plaintiff's parole due to, in part, the drug possession on October 15, 2019. (ECF No. 29-3). Defendants further argue that because the Parole Board decision was based in part on the October 15, 2019, drug possession, and because the Parole Board decision has not been invalidated, this matter is barred by *Heck*. The Court disagrees.

While it appears that the Parole Board's decision does, in part, rely on Plaintiff's possession of controlled substances on the date of his arrest in question, the Parole Board's decision states that Plaintiff also violated his conditions of residence or travel, alcohol/controlled and supervision fees over multiple dates. (ECF No. 29-3 at 3). Although the Eighth Circuit has applied *Heck* to claims that would imply the invalidity of a parole revocation, *Newmy v. Johnson*, 758 F.3d 1008, 1009 (8th Cir. 2014), here "Plaintiff's action, if successful, will not demonstrate the invalidity of the Board's judgment." (ECF No. 30 at 4).

### B. Constitutional Claim

Defendants next argue that the matter should be dismissed because, as a parolee, Plaintiff does not enjoy a constitutionally protected right to be free of a suspicion-less search. Although the Court agrees that Arkansas law requires that a person on parole agree to a waiver that allows any certified law enforcement officer to conduct a warrantless search of his or her person whenever requested, Ark. Code Ann. § 16-93-106; *see also Samson v. California*, 547 U.S. 843, 849-50 (2006), Plaintiff's claims do not stem from a warrantless search. Plaintiff's claims concern his alleged detention and *arrest* without probable cause. (ECF No. 9 at 5-8). Plaintiff has stated a claim in this regard.

### C. Immunity

Finally, Separate Defendant Gulick argues that Plaintiff's claims against him are subject to dismissal because he is entitled to absolute or qualified immunity. It is undisputed that Gulick was acting as Plaintiff's Parole Officer at the time of the incident in question.

First, the Court notes that Gulick is entitled to sovereign immunity with respect to Plaintiff's claims against him in his official capacity because neither the State of Arkansas nor its agencies are subject to suit under § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989). Plaintiff's official capacity claims against Gulick, who is employed by a state agency, are the equivalent of a suit against the state and Eleventh Amendment immunity precludes such claims. *See also Alsbrook v. City of Maumelle*, 184 F.3d 999, 1010 (1999)(Section 1983 suit could not be brought against state commissioners in their official capacities, because such suit was no different than a suit against the state itself). *Morstad v. Dep't of Corr. & Rehab.*, 147 F.3d 741, 743-44 (8th Cir. 1998)(Eleventh Amendment immunity bars § 1983 lawsuit against state agency or state official in official capacity even if state entity is the moving force behind deprivation of federal rights). Plaintiff's official capacity claims against Gulick are subject to dismissal.

The Court will next analyze whether Gulick is entitled to either absolute immunity or qualified immunity with respect to the personal capacity claims against him. "[A]bsolute immunity defeats a suit at the outset, so long as the official's actions were within the scope of the immunity." *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016)(internal quotation marks and citation omitted). Parole officers in deciding whether to grant, deny, or revoke parole, perform functions comparable to those of judges and are entitled to quasi-judicial absolute immunity. *Evans v. Dillahunty*, 711 F.2d 828, 831 (8th Cir. 1983). "Where an official's challenged actions are protected by absolute immunity, dismissal under Rule 12(b)(6) is appropriate." *Sample*,

836 F.3d at 916. However, the official seeking absolute immunity "bears the burden of showing that such immunity is justified for the function in question." *Burns v. Reed*, 500 U.S. 478, 486 (1991).

With respect to qualified immunity, "[g]overnment officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "The qualified immunity standard 'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.'" *Hunter v. Bryant*, 502 U.S. 224, 229 (1991) (*quoting Malley v. Briggs*, 475 U.S. 335, 341-43 (1986)).

The allegations against Defendant Gulick --- that he asked Defendants Oller and Brown "to come harass" Plaintiff at his job, that Gulick never obtained a "white warrant", and that Gulick withheld information from Plaintiff causing him to lose his job – are not quasi-judicial functions, and are, therefore, not subject to dismissal via absolute immunity. With respect to qualified immunity, Gulick is entitled to dismissal under Rule 12(b)(6) if he shows that he is entitled to such immunity "on the face of the complaint." *Kulkay v. Roy*, 847 F.3d 637, 642 (8th Cir. 2017). Gulick is entitled to qualified immunity "unless [Williams] has plausibly stated both (i) a claim for violation of his [constitutional rights]; and (ii) that he right was clearly established at the time of the alleged violation." *Vandevender v. Sass*, 970 F.3d 972, 974-75 (8th Cir. 2020).

The Court has previously held that a plausible claim has been stated. The Court further finds that such a right was clearly established at the time of the alleged violation. Gulick has failed to establish that he is entitled to qualified immunity on the face of the complaint.

## IV. CONCLUSION

For the reasons set forth above, it is recommended that Separate Defendant Stephen Gulick's Motion to Dismiss the Amended Complaint (ECF No. 29) be **GRANTED IN PART AND DENIED IN PART**. Specifically, it is recommended that the Motion be **GRANTED** in that Plaintiff's official capacity claims against Defendant Gulick be **DISMISSED**; and that the motion be **DENIED** in all other respects.

It is further recommended that Separate Defendant Oller's Motion to Join Separate Defendant Gulick's Motion to Dismiss Pursuant to Fed. R. Civ. P. 10(c) (ECF No. 36) be **DENIED**.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 1st day of March 2022.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE