IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

**HARMON WILLIAMS ADC# 101370**                                            **PLAINTIFF**

**v.**                 **CASE NO. 4:20-CV-4079-SOH-BAB**

**DETECTIVE REYN BROWN, DANIEL
OLLER, AND STEPHEN GULICK**                                    **DEFENDANTS**

## DEFENDANT STEPHEN GULICK'S OBJECTIONS TO MAGISTRATE'S PROPOSED FINDINGS AND RECOMMENDATIONS

Defendant Stephen Gulick by and through his attorneys, Attorney General Leslie Rutledge and Senior Assistant Attorney General Kate Donoven, and for his Objections to the Proposed Findings and Partial Denial, pursuant to the provisions of 28 U.S.C. § 636(b)(1) (2011) states as follows:

The Honorable Magistrate Judge has entered proposed findings and a recommendation as to Defendant Gulick's Motion to Dismiss. In the proposed findings, the Magistrate Judge recommended allowing the Plaintiff, who was on parole in Arkansas and arrested for possession of a controlled substance after a search of his person by law enforcement, to proceed with his section 1983 claim against parole officer Gulick in his individual capacity by denying him qualified immunity.

Defendant Gulick respectfully objects to the recommendation because the arrest upon which Plaintiff's section 1983 action relies occurred *after* the warrantless parolee search which the Magistrate agrees was conducted in accordance with the law. Parolees remain in legal custody of the state for the

1

remainder of their sentence and must consent to warrantless searches of their person and possessions as a term of the parole by any certified law enforcement officer. Ark. Code Ann. § 16-93-106. The fact that the prosecuting attorney chose to *nolle prosse* the controlled substance charge, does not, *ipso facto*, make an arrest a plausible violation of the Plaintiff's constitutional rights. The constitutionality of a search and arrest is determined at the time of the arrest. Thus, it is legally irrelevant whether the case was subsequently dropped for section 1983 purposes.

The Magistrate Judge agrees that the Plaintiff, who was on parole, did not enjoy a Fourth Amendment freedom from the search that led to his arrest that is the basis of his claim because suspicion-less searches were a term of his parole. *E.g. Samson v. California*, 547 U.S. 843, 849-51 (2006); Ark. Code Ann. § 16-93-106. However, the Magistrate Judge then concludes that the "Plaintiff's claims concern his alleged detention and *arrest* without probable cause." [DE 42, p. 5] Parolees have consented to warrantless searches which necessarily involved some detention. The warrantless search of the Plaintiff's person yielded a controlled substance, which resulted his arrest by Defendants Brown and Oller. It logically follows that the Plaintiff cannot state a section 1983 claim against Gulick for a violation of his Fourth Amendment right be free from unreasonable search and seizure if the Plaintiff waived his Fourth Amendment rights. A warrantless search based on this waiver "does not need to be based on an articulable suspicion that the person is committing or has committed a criminal offense." Ark. Code Ann. § 16-93-106(a)(2). Plaintiff consented to his "detention" in his waiver and the *arrest* was based upon

probable cause because the officers found a controlled substance in the Plaintiff's clothing.

The United States Supreme Court has made it clear in *Samson* that conditions of release that eliminate a prisoner's reasonable expectation of privacy and authorize a suspicion-less search by law enforcement do not violate the Fourth Amendment. In *Samson*, the Fourth Amendment was not violated when a law enforcement officer conducted a suspicion-less search of parolee Samson that led to the discovery of a plastic baggie containing methamphetamine in a cigarette box in his left breast pocket. In this case, law enforcement officers had more information than in *Samson* because they received information that parolee Williams possessed illegal drugs at his place of employment. Based upon that information, even if Gulick authorized the search of parolee Williams, no constitutional violation could exist because Williams was subject to a warrantless search of his person at any time for any reason. Arkansas law states that a person who is placed on parole is required to agree to warrantless searches by any law enforcement officer as a mandatory term of his parole. Ark. Code Ann. § 16-93-106. The Arkansas Supreme Court has concluded that *Samson* controls and affirmed warrantless searches of parolees. *Clingmon v. State*, 2021 Ark. App. 107, 7, 620 S.W.3d 184, 188 (2021). The district court recognized the application of *Clingmon* and *Samson* in *United States v. Rivera*, 2021 WL 1822297, at *5-6 (W.D. Ark. May 6, 2021) when it denied a motion to suppress evidence discovered in a warrantless search of a parolee.

Willaims offers no legal argument in his response as to why *Samson, Clingmon,* and *Rivera* are not dispositive of his claims.

As a result, Gulick is entitled to qualified immunity because United States Supreme Court precedent and Arkansas law clearly allows a parolee to be subject to the warrantless search that resulted in his arrest. The magistrate judge cites no legal precedent that would have put Defendant Gulick on notice of that the Plaintiff had a right that was clearly established at the time of the alleged violation. *Vandevender v. Sass*, 970 F.3d 972, 974-75 (8th Cir. 2020). A parolee's consent to search does not exclude a search at his place of employment. Plaintiff cannot possibly know what, if anything, Defendant Gulick asked Defendants Oller and Brown to do when contacting the Plaintiff at his job, thus even if Gulick sent Defendants Oller and Brown to "harass" him, a law enforcement officer's subjective intention is legally irrelevant to a section 1983 claim. Cite. In addition, Gulick was not legally required to get a "white warrant" (parole violation warrant) before the Plaintiff was detained, searched, or arrested, and neither the Plaintiff nor the Magistrate articulate what "information" Defendant Gulick "withheld" that violated a constitutionally protected right.

Qualified immunity is an immunity from suite rather than a mere defense to liability…it is effectively lost if a case is erroneously permitted to go to trial. *E.g., Mitchell v. Forsyth,* 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985) (emphasis deleted). The Supreme Court has made clear that the "driving force" behind creation of the qualified immunity doctrine was a desire to ensure that "

'insubstantial claims' against government officials [will] be resolved prior to discovery." *Anderson v. Creighton,* 483 U.S. 635, 640, n. 2, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). Accordingly, the Court has repeatedly stressed the "importance of resolving immunity questions at the earliest possible stage in litigation." *Hunter v. Bryant,* 502 U.S. 224, 227, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991) *(per curiam).* The qualified immunity standard gives ample room for mistaken judgment by protecting all by the plainly incompetent or those who knowingly violate the law. *E.g., Watson v. Boyd*, 2 F.4th 1106, 113 (8th Cir. 2021) (vacating the district court's incomplete analysis of qualified immunity on both the constitutional violation and clearly established prongs and remanding for a more detailed consideration and explanation). Here, as in *Watson*, the Magistrate Judge fails to identify a specific right that was clearly established at the time of Plaintiff's arrest or cite a factually analogous case. The Magistrate Judge does not explain how the Plaintiff's bare allegation that Gulick's motive in sending Defendants Oller and Brown was to "harass" him, even if true, is material to the objective qualified immunity analysis. It is insufficient for Magistrate to simply state that "[t]he court has previously held that a plausible claim has been stated" [DE 42, p. 7] and that "such a right was clearly established at the time of the alleged violation" without a more detailed analysis of both qualified immunity prongs.

  For these reasons, Defendant Gulick respectfully requests that the Court reject the Magistrate Judge's recommendation that Plaintiff's claim against him be allowed to proceed and instead find that he in entitled to qualified immunity.

                            Respectfully submitted,

                            LESLIE RUTLEDGE
                            Attorney General

By:    /s/ *Kate Donoven*
        Kate Donoven
        Ark Bar No. 98189
        Senior Assistant Attorney General
        Arkansas Attorney General's Office
        323 Center Street, Suite 200
        Little Rock, AR 72201
        PH: (501) 682-8114
        Fax: (501) 682-2591
        Email: kate.donoven@arkansasag.gov

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

     I Kate Donoven, hereby certify that on March 15, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that on the following business day, I mailed the foregoing document by U.S. Postal Service to the following non-CM/ECF participant:

Harmon Williams, ADC # 101370
Grimes Unit
300 Corrections Drive
Newport, AR 72112

                            */s/ Kate Donoven*
                            Kate Donoven