IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

HARMON WILLIAMS                                                                                           PLAINTIFF

v.                                        Civil No. 4:20-cv-4079

DETECTIVE REYN BROWN;
OFFICER DANIEL OLLER; and
STEPHEN GULICK                                                                                          DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation issued by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 42). Judge Bryant recommends that the Court grant in part and deny in part Separate Defendant Stephen Gulick's Motion to Dismiss. (ECF No. 29). Judge Bryant also recommends that the Court deny Separate Defendant Daniel Oller's Motion to Join in the Motion to Dismiss. (ECF No. 36). Defendant Gulick objects. Defendant Oller has not objected, and the time to do so has passed. The matter is ripe for consideration.

### I. BACKGROUND

Plaintiff filed an amended complaint on October 5, 2020, asserting two claims against Defendants pursuant to 42 U.S.C. § 1983. Plaintiff's first claim concerned an alleged unlawful arrest for possession of controlled substances on October 15, 2019. His second claim concerned an alleged violation of his constitutional rights when his parole was revoked without sufficient due process.

After preservice screening, the Court dismissed Plaintiff's second claim and determined that the first claim challenged the validity of pending state criminal proceedings. The Court stayed this case pursuant to the *Younger* abstention doctrine, with instructions that Plaintiff could file a

motion to reopen the case along with proof of the final resolution of the criminal charges stemming from his October 5, 2019 arrest. On August 13, 2021, Plaintiff moved to reopen the case, providing proof that his drug-possession charge had been *nolle prossed* on May 3, 2021.[1] The Court then reopened the case and directed service on Defendants.

In his remaining claim, Plaintiff alleges that Defendants violated his constitutional rights on October 15, 2019. His employer allegedly contacted his parole officer, Defendant Gulick, who in turn allegedly asked Defendants Brown and Oller to harass Plaintiff at his job. They allegedly went to his workplace, searched him without a warrant, claimed to have found methamphetamine in his pocket, and arrested him for possession of a controlled substance. Plaintiff contends the arrest was unconstitutional because he did not have methamphetamine on him and the officers lacked any other probable cause for an arrest.

Plaintiff's drug charges were eventually *nolle prossed*. However, Plaintiff's drug arrest—among other things—led to his parole being revoked on July 17, 2020, following a revocation hearing where the parole board found by a preponderance of the evidence that he unlawfully possessed and used controlled substances on October 15, 2019, failed to reside at his approved residence, committed domestic-abuse criminal offenses, and had not paid his required parole-supervision fees. Plaintiff was placed in the custody of the Arkansas Department of Corrections to serve a six-month sentence. He appears to allege that he lost his job because of the incarceration.

On October 29, 2021, Defendant Gulick filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), contending that Plaintiff's claim against him is barred by *Heck v. Humphrey*, 512 U.S. 447 (1994), and that he is alternatively entitled to absolute and/or qualified

---

[1] "A *nolle prosequi*, or *nol pros*, is a dismissal of a prosecution without prejudice to refile." *Branning v. State*, 371 Ark. 433, 436, 267 S.W.3d 599, 602 (2007).

immunity. (ECF No. 29). Plaintiff responded. (ECF No. 34). Defendant Gulick replied. (ECF No. 35).

On December 13, 2021, Defendant Oller filed a motion to adopt and join in the motion to dismiss, contending that Plaintiff's claim against him is likewise barred by *Heck v. Humphrey*. (ECF No. 36). Plaintiff responded. (ECF No. 40).

On March 1, 2022, Judge Bryant issued the instant Report and Recommendation. (ECF No. 42). Judge Bryant recommends that the Court deny Defendant Oller's motion to join and grant in part and deny in part Defendant Gulick's motion to dismiss. Defendant Gulick objects.

## II. STANDARD

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1). Within fourteen days of receipt of a magistrate judge's report and recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* W.D. Ark. Local Rule 72.2(VII)(C). After conducting an appropriate review, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018). Generally, "objections must be timely and specific" to trigger *de novo* review. *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990). In the absence of objections, the Court "need only satisfy itself that there is no clear error on the face of the record." Fed. R. Civ. P. 72 advisory committee's note, subd. (b); *see also Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996).

## III.  DISCUSSION

Judge Bryant's Report and Recommendation has three central recommendations.  First, he recommends that Plaintiff's claim against Defendants Oller and Gulick is not barred by *Heck v. Humphrey* because a judgment for Plaintiff in this case would not necessarily imply the invalidity of Plaintiff's parole revocation, which was based on multiple violations that are not all at issue in this case.  Second, Judge Bryant recommends that Defendant Gulick, a state employee, is entitled to sovereign immunity on Plaintiff's official-capacity claim.  Third, Judge Bryant recommends that Defendant Gulick is not entitled to absolute or qualified immunity on the individual-capacity claim against him.

Thus, Judge Bryant recommends that the Court deny Defendant Oller's motion and grant Defendant Gulick's motion to dismiss only to the extent that it seeks dismissal of the official-capacity claim against him.  Defendant Oller has not objected.  Defendant Gulick objects, but only to Judge Bryant's analysis on qualified immunity.  The Court will begin with the findings and recommendations that were not objected to.  Then the Court will conduct a *de novo* review of Defendant Gulick's specific objections.

### A. Unobjected-to Findings and Recommendations

Most of Judge Bryant's findings and recommendations have not been objected to.  No one objects to Judge Bryant's *Heck* analysis, his recommendation that Defendant Gulick is entitled to sovereign immunity on Plaintiff's official-capacity claim, his recommendation that Defendant Gulick is not entitled to absolute immunity, or his recommendation that Defendant Oller's motion should be denied.  The Court reviewed the parties' filings and, in the absence of any specific objections, finds no clear error on the face of the record as to those findings and recommendations. *See Grinder*, 73 F.3d at 795.

Accordingly, the Court will adopt the Report and Recommendation insofar as it recommends: (1) that Plaintiff's claims against Defendants Oller and Gulick should not be dismissed pursuant to *Heck v. Humphrey*, (2) that Plaintiff's official-capacity claim against Defendant Gulick should be dismissed based on sovereign immunity, (3) that Defendant Gulick is not entitled to absolute immunity, and (4) that Defendant Oller's motion should be denied.

### B. Defendant Gulick's Qualified Immunity

Plaintiff argues that Defendants violated his constitutional rights by searching him without a warrant and by arresting him without probable cause. Defendant Gulick argues that he is entitled to qualified immunity because Plaintiff has not stated a constitutional deprivation and, even assuming that he did, the implicated right was not clearly established. He argues that Arkansas law requires parolees like Plaintiff to submit to warrantless searches as a condition of their parole. Thus, he argues that Plaintiff did not have a constitutional right to be free from warrantless searches while on parole, such as the search by Defendants Oller and Brown on October 15, 2019.

Judge Bryant agrees with Defendant Gulick that parolees like Plaintiff do not have a constitutional right to be free from warrantless searches. However, Judge Bryant reasons that Plaintiff's claim in this case does not as much concern the warrantless search on October 15, 2019, as it does the detention and arrest that followed that search. Judge Bryant concludes that Plaintiff has alleged enough to state a cognizable claim for unlawful arrest and that the law at the time was clearly established, protecting Plaintiff from being unlawfully arrested. Thus, Judge Bryant recommends the Court find that Plaintiff is not entitled to qualified immunity.

Defendant Gulick objects, arguing that this case is properly framed as stemming from the warrantless search because Defendants Oller and Brown immediately arrested Plaintiff after they searched him and found methamphetamine in his pocket. Although Plaintiff alleges that he did not have methamphetamine and the officers lied about finding meth in order to unlawfully arrest

him, Defendant Gulick points to the July 17, 2020 parole revocation judgment, which states that Plaintiff admitted in his revocation hearing that the officers found methamphetamine in his pocket on October 15, 2019. Defendant Gulick reiterates that, as a parolee, Plaintiff could be searched without a warrant at any time. Because Plaintiff had no constitutional protection against being searched, Defendant Gulick concludes that the search, the drugs uncovered during the search, and the ensuing arrest for those drugs are all legally valid. Thus, he concludes that he is entitled to qualified immunity because Plaintiff has not shown a constitutional deprivation.

The doctrine of qualified immunity generally shields public and government officials performing discretionary functions from civil liability "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "[D]efendants seeking dismissal under Rule 12(b)(6) based on . . . qualified immunity must show that they are entitled to qualified immunity on the face of the complaint." *Carter v. Huterson*, 831 F.3d 1104, 1107 (8th Cir. 2016) (cleaned up). Qualified immunity requires a two-pronged analysis: "whether the plaintiff has stated a plausible claim for violation of a constitutional or statutory right and whether the right was clearly established at the time of the alleged infraction." *Kulkay v. Roy*, 847 F.3d 637, 642 (8th Cir. 2017). The Court may start with either prong and may end the analysis if either is not met. *Id.*

The Court will begin with whether Plaintiff's implicated right was clearly established. "[T]o be clearly established, [t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Bills v. Dahm*, 32 F.3d 333, 334 (8th Cir. 1994). This must be shown with "either controlling authority or a robust consensus of cases of persuasive authority that placed the statutory or constitutional question beyond debate at the time of the alleged violation." *Kelsay v. Ernst*, 933 F.3d 975, 979 (8th Cir. 2019) (en banc)

(internal quotation marks omitted). The inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition." *Mullenix v. Luna*, 577 U.S. 7, 12 (2015) (per curiam) (internal quotation marks omitted).

"It is well established that a warrantless arrest without probable cause violates an individual's constitutional rights under the Fourth and Fourteenth Amendments." *Joseph v. Allen*, 712 F.3d 1222, 1226 (8th Cir. 2013). "Probable cause to arrest exists when, at the moment the arrest was made . . . the facts and circumstances within [the arresting officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense." *Beck v. Ohio*, 379 U.S. 89, 91 (1964); *City of Omaha*, 75 F.3d 1261, 1264 (8th Cir. 1996). On October 15, 2019, the state of the law was such that a reasonable person would not have believed there was probable cause to arrest someone for possession of a controlled substance who had nothing illegal on his person, or that probable cause for an arrest could be created by falsely claiming the discovery of illegal contraband that was not actually found. *See Jackson v. Calcaterra*, No. 4:06-cv-995-DDN, 2008 WL 1967502, at *7-8 (E.D. Mo. May 1, 2008) (denying qualified immunity on an unlawful-arrest claim because a question of fact existed as to whether officers found drugs on someone they arrested for drug possession); *see also Hinchman v. Moore*, 312 F.3d 198, 205-06 (6th Cir. 2002) ("Falsifying facts to establish probable cause to arrest and prosecute an innocent person is of course patently unconstitutional.").

The Court now considers whether Plaintiff's allegations, taken as true and viewed in the light most favorable to Plaintiff, make out a plausible claim of a violation of a constitutional or statutory right. Judge Bryant recommends that they do, as Plaintiff has alleged that he was unlawfully arrested for drug possession without any probable cause. Defendant Gulick argues that Plaintiff has not stated a claim because he had no constitutional protection against a warrantless

search, the search found illegal drugs on his person, and he was arrested based on his possession of those drugs.

When deciding a Rule 12(b)(6) motion like this one, the Court must accept as true all the complaint's factual allegations and draw all reasonable inferences in Plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). The complaint's factual allegations need not be detailed but must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. The Court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints are construed liberally, but they still must allege sufficient facts to support the claims made. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

With limited exceptions, the Court must confine its Rule 12(b)(6) analysis to the four corners of the complaint and cannot consider extrinsic evidence. *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). Defendant Gulick's motion is accompanied by three exhibits: Plaintiff's parole revocation order from July 17, 2020, and two sentencing orders from the Hempstead County Circuit Court for the criminal offenses that made up some of the violations for which Plaintiff's parole was revoked. (ECF Nos. 29-1, 29-2, 29-3). In an ordinary case, these are records that the Court could consider in its Rule 12(b)(6) analysis. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007). However, this case is different because Defendant Gulick seeks qualified immunity. Qualified immunity should be granted "on a 12(b)(6) motion only when the immunity is established on the face of the complaint." *Hafley v. Lohman*, 90 F.3d 264, 266 (8th Cir. 1996).

Plaintiff, a parolee, had no constitutional protection against being searched without a warrant. Thus, as the Court understands the issue, the qualified immunity analysis likely turns on whether Defendants Oller and Brown had probable cause to arrest Plaintiff for drug possession on

8

October 15, 2019. Plaintiff alleges that they did not and that they lied about finding drugs on him so they could arrest him in the absence of any other probable cause. Defendant Gulick argues the officers found drugs on Plaintiff, and asks the Court to consider exhibits that purportedly disprove Plaintiff's claim otherwise. Consideration of those exhibits would require the Court to look past the face of the complaint, which the Court cannot do so at this stage. *See Thunderhawk v. Cnty. of Morton*, 483 F. Supp. 3d 684, 756 (D.N.D. 2020) (declining to consider extrinsic evidence when ruling on a Rule 12(b)(6) seeking dismissal based on qualified immunity); *see also St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002) ("While there may be a dispute as to whether the alleged facts are the actual facts, in reviewing . . . a motion to dismiss [on qualified immunity grounds], we are required to accept the allegations in the complaint as true.").

Without considering Defendant Gulick's extrinsic evidence, Plaintiff's factual allegations, taken as true and viewed in the light most favorable to him for purposes of this motion, are that Defendant Gulick caused Defendants Oller and Brown to conduct a warrantless search of Plaintiff at his workplace. They found nothing illegal but lied and claimed to have found methamphetamine in his pocket. They then arrested him based on the fabricated evidence, with no other probable cause. Taken as true, these allegations state a plausible claim under section 1983 of a violation of Plaintiff's constitutional rights. *See Kuehl v. Burtis*, 173 F.3d 646, 650-51 (8th Cir. 1999); *Jackson*, 2008 WL 1967502, at *7-8.

In sum, the Court agrees with Judge Bryant that, at this stage, Defendant Gulick has not shown he is entitled to qualified immunity. Defendant Gulick's argument requires the consideration of extrinsic evidence outside the four corners of the complaint, which the Court cannot do on a Rule 12(b)(6) motion seeking qualified immunity.[2] *See Vandevender v. Sass*, 970

---

[2] This is why some courts have observed that "qualified immunity is often best decided on a motion for summary judgment when the details of the alleged deprivations are more fully developed." *Thunderhawk*, 483 F. Supp. 3d at 757.

F.3d 972, 975 (8th Cir. 2020) ("[D]efendants are entitled to dismissal under Rule 12(b)(6) if they show they are entitled to qualified immunity on the face of the complaint."). At a later stage of the case, Defendant Gulick "ultimately may establish that [he is] entitled to qualified immunity, but . . . [he has] not done so yet." *Hafley*, 90 F.3d at 267.

## IV. CONCLUSION

Being well and sufficiently advised, and finding no clear error on the face of the record, the Court adopts the Report and Recommendation (ECF No. 42) insofar as it recommends: (1) that Plaintiff's claims against Defendants Oller and Gulick should not be dismissed pursuant to *Heck v. Humphrey*, (2) that Plaintiff's official-capacity claim against Defendant Gulick should be dismissed based on sovereign immunity, (3) that Defendant Gulick is not entitled to absolute immunity, and (4) that Defendant Oller's motion should be denied in its entirety. Upon *de novo* review, the Court also adopts the Report and Recommendation (ECF No. 42) insofar as it recommends that Defendant Gulick is not entitled to qualified immunity at this time.

For the above-stated reasons, Defendant Oller's motion to join (ECF No. 36) is **DENIED**. Defendant Gulick's motion to dismiss (ECF No. 29) is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's official-capacity claim against Defendant Gulick is **DISMISSED WITHOUT PREJUDICE**. Plaintiff's other claims remain.

**IT IS SO ORDERED**, this 4th day of April, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge